

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 28, 1967

Mr. Hugh C. Yantis
Executive Secretary
Texas Water Pollution Control
  Board
1100 West 49th Street
Austin, Texas   78756

Opinion No. M-32

Re: Construction of Senate
Bill 204 and House Bill
448 of the 60th Legis-
lature, identical bills
which would establish
a Texas Water Quality
Board as the successor
to the Texas Water
Pollution Control Board.

Dear Mr. Yantis:

In view of the provisions of Section 51 of Article III
of the Constitution of Texas prohibiting grants of public monies
to any individual, association of individuals, municipal or other
corporations, you have asked the following questions relating to
the provisions of Senate Bill 204 and House Bill 448 of the 60th
Legislature (identical bills establishing the Texas Water Quality
Board) prescribing its powers, duties, functions and procedures
and providing for the establishment of quality waters in the State
and the control, prevention and abatement of pollution:

"(1)  May a grant of State funds be made
to a governmental entity for construction of
waste collection, treatment and disposal facilities
for water quality control purposes, as provided in
the proposed Texas Water Quality Act?

"(2)  May a grant of State funds be made to
a governmental entity for the purpose of planning
water quality control programs and facilities, as
provided in the proposed Act?

"(3)  May a loan of State funds be made to a
governmental entity for the purposes of planning
water quality control programs and facilities, as
provided in the proposed Act?"

Under the provisions of Section 11 of the proposed Act,
the Board is authorized to make grants to any municipality or

- 138 -

interstate agency "as such terms are defined in the Federal Water Pollution Control Act (33 USC 466, et seq.) or to any local government for the construction of necessary treatment works and necessary sewer and sewerage systems, treatment systems and disposal systems." The Board is further authorized to make grants or interest-free loans to certain planning agencies (governmental agencies) for developing an effective comprehensive water quality control abatement plan. Thus, such grants or interest-free loans of State funds to planning agencies are made for governmental purposes and are not made for any private purpose.

Section 51 of Article III of the Constitution of Texas provides in part:

"The Legislature shall have no power to make any grant or authorize the making of any grant of public moneys to any individual, association of individuals, municipal or other corporations whatsoever; . . ."

In construing the above quoted provisions it was held in State v. City of Austin, 160 Tex. 348, 331 S.W.2d 737, 742 (1960):

"Here the Legislature has empowered the State Highway Commission to construct interstate and defense highways and to direct municipalities and utility companies to relocate their facilities. That grant of authority is conditioned, however, by the requirement that the utilities be reimbursed for the expense which they incur. In our opinion this does not constitute the release of an obligation to the state within the meaning of Article III, Section 55, of the Constitution. See State ex rel. Jones v. Chariton Drainage District No. 1, 252 Mo. 345, 158 S.W. 633.

"Article 6674w-4 obviously does not involve a gift or loan of the credit of the state unless it can be said that payment of relocation costs amounts to a grant of public money in violation of Article III, Section 51. The purpose of this section and of Article XVI, Section 6, of the Constitution is to prevent the application of public funds to private purposes; in other words, to prevent the gratuitous grant of such funds to any individual or corporation whatsoever. See Byrd v. City of Dallas, 118 Tex. 28, 6 S.W.2d 738. Statutes analogous to House Bill 179 have been upheld against this or similar constitutional

attacks by the appellate courts of at least
five other jurisdictions. . . ."

Thus, a grant of State funds to a political subdivision
of the State for governmental use of such money is not prohibited
by the provisions of Section 51 of Article III of the Constitution
of Texas nor any other provision of our State Constitution. Bexar
County v. Linden, 110 Tex. 339, 220 S.W. 761 (1920); Road District
No. 4, Shelby County v. Allred, 123 Tex. 77, 68 S.W.2d 164 (1934);
Jefferson County v. Board of County and District Road Indebtedness,
143 Tex. 99, 182 S.W.2d 908 (1944); City of Aransas Pass v. Keeling,
112 Tex. 339, 247 S.W. 818 (1923).

In Bexar County v. Linden, supra, the Court stated in
construing Section 51 of Article III of the Constitution of Texas:

"The giving away of public money, its ap-
plication to other than strictly governmental
purposes, is what the provision is intended to
guard against."

In Road District No. 4, Shelby County v. Allred, supra,
the Court at page 169 held in construing Section 51 of Article III
of the Constitution of Texas:

"It is the settled law of this state that
the above-quoted constitutional provision is in-
tended to guard against and prohibit the granting
or giving away of public money except for strictly
governmental purposes.  The prohibition is an ab-
solute one, except as to the class exempted there-
from, and operates to prohibit the Legislature from
making gratuitous donations to all kinds of corpora-
tions, private or public, municipal or political.
Bexar County v. Linden, 110 Tex. 339, 220 S.W. 761.
It is clear from the above that a road district is
a corporation within the meaning of the above-quoted
constitutional provision.

"It is also the settled law of this state that
the above-quoted constitutional provision does not
prevent the appropriation or granting of state funds
to municipal and political corporations when the
money is granted to be used for a governmental purpose.
Bexar County v. Linden, 110 Tex. 339, 220 S.W. 761;
City of Aransas Pass v. Keeling, Attorney General,
112 Tex. 339, 247 S.W. 818, 819.

"It cannot be doubted that the effect of sec-
tion 12 of the special law under consideration here

has effect to make a donation of state funds to the road district. If this donation is a mere gratuity, it is prohibited by section 51 of article 3, supra. On the other hand, if the donation is made and granted to the road district for a governmental purpose, it is not a gratuity, and not prohibited by such constitutional provision. Bexar County v. Linden, supra; City of Aransas Pass v. Keeling, Attorney General, supra. . . ."

In view of the foregoing, you are advised that the Legislature may authorize the grant or the loan of State funds to be made to a governmental entity for construction of waste collection, treatment and disposal facilities for water quality control purposes, and planning water quality control programs and facilities as provided in Senate Bill 204 and House Bill 448 of the 60th Legislature.

## S U M M A R Y

The Legislature may authorize the grant or the loan of State funds to be made to a governmental entity for construction of waste collection, treatment and disposal facilities for water quality control purposes, and planning water quality control programs and facilities as provided in Senate Bill 204 and House Bill 448 of the 60th Legislature.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Kerns Taylor
Pat Bailey
Roger Tyler
Malcolm Quick

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.